***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The defendant is a duly qualified self-insured.
3. An employee-employer relationship existed between the parties at all relevant times.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: Plaintiff's Medical Records
(c) Plaintiff's Exhibit 1: Incident Report
(d) Plaintiff's Exhibit 2: Work Search Record
(e) Defense Exhibit 1: Photograph of Job Site
 *********** ISSUES
(a) Whether plaintiff suffers from a compensable occupation disease?
(b) If so, to what benefits, if any, is plaintiff entitled?
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-eight years old. Plaintiff has a high school education with some additional educational training in the travel industry.
2. Plaintiff began working for defendant on April 14, 2003 as a Medical Clerk I.
3. As a Medical Clerk I, plaintiff was responsible for stamping and filing medical records. The medical records were stored in a warehouse type facility. Plaintiff was required to use a ladder to reach certain shelves in the storage facility.
4. Before climbing the ladder, plaintiff testified that she was required to lock the ladder in place by pressing a braking mechanism with her foot. Plaintiff testified that she was required to lock the ladder in place "very . . . frequently."
5. On April 18, 2003, plaintiff was making her way down a ladder around 4:00 p.m. when she felt pain in her right foot. Plaintiff continued working the remainder of the day.
6. On April 18, 2003, plaintiff locked the ladder using the method she had been shown during her training. There was nothing unusual about the way in which plaintiff locked the ladder. Plaintiff does not contend that she suffered an injury by accident.
7. Plaintiff initially received treatment from physician's assistant James Schmidt and Dr. Carol Epling, but was then referred to Dr. Stephen N. Lang, an orthopedic surgeon.
8. Plaintiff was seen by Dr. Lang on May 20, 2003. Dr. Lang diagnosed plaintiff with "right foot pain," which diagnosis he characterized as being "inconclusive." Dr. Lang testified that plaintiff could have a stress fracture or sesamoiditis. Dr. Lang explained that sesamoiditis "means inflammation about two small bones of the foot or great toe."
9. Dr. Lang was asked to assume that plaintiff's job "required her to constantly walk up and down ladders; and on some occasions, having to press or use direct pressure to lock the ladder." Based on this assumption, when asked whether plaintiff was at an increased risk for developing her right foot pain, Dr. Lang testified "I don't think anymore than anyone else." When asked whether plaintiff's job "could have caused her right foot pain or stress fracture or sesamoiditis, Dr. Lang testified "I am not comfortable making that conclusion — or any conclusion about a job-related, cause-and-effect relationship."
10. The competent medical evidence of record fails to establish that plaintiff's job placed her at a greater risk of developing her right foot condition than the general public.
11. The competent medical evidence of record fails to establish that plaintiff's employment significantly contributed to, or was a significant causal factor in, the development of her right foot condition.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish an occupational disease under N.C. Gen. Stat. §97-53(13), a claimant must show that the employment exposed him or her to a greater risk of contracting the disease than the public generally. Rutledgev. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the disease's development. Hardin v. MotorPanels, Inc., 136 N.C. App. 351, 524 S.E.2d 368 (2000) (citing Rutledge v.Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983)). Accordingly, the plaintiff has failed to establish that she suffers from an occupational disease within the meaning of N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Defendant shall pay the costs.
This the 1st day of July 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/mb